**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SFTF HOLDINGS, LLC** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **BANK OF AMERICA, N.A.** | § | |
| **and SHELLY ORTOLANI, TRUSTEE** | § | |
| **Defendants.** | § | |

### NOTICE OF REMOVAL

Defendant Bank of America, N.A. ("Defendant") files this Notice of Removal of this action from the 68th District Court of Dallas County, Texas, wherein it is now pending as Cause No. DC-10-02296, to the United States District Court for the Northern District of Texas, Dallas Division, the District Court of the United States for the District and Division embracing the place where this action is pending.  This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446.  In support thereof, Defendant respectfully shows the court as follows:

### I.

### STATEMENT OF THE CASE

1.      On February 8, 2010, Plaintiff SFTF Holdings, LLC ("Plaintiff") commenced an action against Defendants in the 68th District Court of Dallas County, Texas, entitled "*SFTF Holding, LLC v. Bank of America, N.A. and Shelly Ortolani, Trustee*," pending as Cause No. 10-02296.

2.      Removal is timely pursuant to 28 U.S.C. § 1446(b), because thirty (30) days have not elapsed since Plaintiff's Original Petition was served on Defendant on March 1, 2010.

3.      Defendant Shelly Ortolani, Trustee, has never been served in this case.

4.      There has not been any adjudication on the merits of Plaintiff's Original Petition in the state court action that would deprive Defendant of the right of removal.  *See Beighley v. Federal Deposit Ins. Corp.*, 868 F.2d 776, 782 (5th Cir. 1989)("in general, 'the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits.'")

5.      Bank of America, N.A. does not need the consent of the other defendant to remove this action.  Defendant, Shelly Ortolani, was sued in her capacity as a trustee and, therefore, is a nominal defendant.  *Gregory v. South Tex. Lumber Co.*, 216 S.W. 420, 421 (Tex. Civ. App. 1919); *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F.Supp.2d 1050 (N.D. Cal. 2009).  A defendant can remove without the consent of a defendant who is merely a nominal party. *Balazik v. County of Dauphin,* 44 F.3d 209, 213 n. 4 (3rd Cir. 1995); *see Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006).  Moreover, Ms. Ortolani has not been served in this matter.  A defendant can remove without the consent of another defendant who has not been served. *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985).

6.      Pursuant to § 1446(d), a copy this Notice of Removal will be filed with the 68th District Court of Dallas County, Texas, and a copy of this Notice of Removal will also be served on the Plaintiff.  In accordance with Local Rule 81.1, attached as Exhibit "A" is an index of all documents that clearly identifies each document and indicates the date the document was filed in the district court; attached as Exhibit "B" is a copy of the docket sheet in the district court action; and, attached as Exhibits "C-F" are documents filed in the district court action, except discovery material, arranged in chronological order according to the district court file date.  Also in accordance with Local Rule 81.1, Defendant has filed contemporaneously with this Notice a civil cover sheet, a supplemental civil cover sheet, and a separately signed certificate of interested persons and disclosure statement that complies with Local Rule 3.1(c) and Federal Rule of Civil Procedure 7.1.

## II.

## GROUNDS FOR REMOVAL
## DIVERSITY

7.      This Court has original jurisdiction based upon diversity of citizenship under 28

U.S.C. § 1332(a)(1), which provides that "[t]he district courts shall have original jurisdiction of

all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive

of interests and costs, and is between 1) citizens of different states."

**A.      Complete Diversity Exists.**

8.      Diversity of citizenship exists between Plaintiff and the only non-nominal party,

Defendant Bank of America and, therefore, this court has original jurisdiction pursuant to 28

U.S.C. § 1332(a)(1).   Plaintiff is a limited liability company that was formed in Delaware.

However, the citizenship of a limited liability company for diversity purposes is determined by

the citizenship of its members, not by its state of organization or its principal place of business.

*See Harvey v. Grey Wolf*, Drilling Co., 542 F.3d 1077 (5th Cir. 2008).   The only member of

Plaintiff SFTF Holding, LLC is Ken C. Bennett.  Ken C. Bennett, an individual, is a citizen of

the state of Texas who has resided in Dallas County at the time of the filing of this action

through the present.   Consequently, Plaintiff is, was at the time of filing, and continues to be a

citizen of the State of Texas.

9.      Defendant Bank of America, N.A. was, at the time of the filing of this action, and

is still a national association with its main office, as designated by its articles of association, in

North Carolina.   *See, e.g.*, 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126

S. Ct. 941, 945 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which

its main office, as set forth in its articles of association, is located."); *see also Hill v. Bank of

America Corp.*, No. 06-cv-804GE, 2006 WL 1518874, at *1 (N.D. Ga. May 30, 2006) ("Bank of

America, N.A. … is a national banking association located in the State of North Carolina, as designated in its articles of association."). Accordingly, Bank of America, N.A. is, was, and continues to be a citizen of the State of North Carolina.

10. The citizenship of Defendant Shelly Ortolani, who was sued in her capacity as a trustee, does not create or destroy diversity for purposes of federal removal. Defendant Ortolani is merely a trustee who was named only as a designated performer of a ministerial act and, therefore, a nominal party whose citizenship may be disregarded for purposes of diversity jurisdiction. *See, e.g.*, *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003); *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) ("[Courts] will ignore the citizenship of 'nominal … parties who have no interest in the action,' and who are 'merely joined to perform the ministerial act of conveying the title if adjudged to the complainant.'" (*quoting Walden v. Skinner*, 101 U.S. 577, 588–89 (1879)); *Wolff v. Wolff*, 768 F.2d 642, 645 (5th Cir. 1985) ("The citizenship of nominal or formal parties who have no real interest in the dispute before the court may be disregarded, even though they may be required by law or court order to join in the lawsuit.").

11. As Plaintiff is a citizen of the State of Texas and Defendant Bank of America, N.A. is a citizen of the State of North Carolina, but not Texas, complete diversity of citizenship exists between the Plaintiff and the only non-nominal Defendant. Defendant Ortolani's citizenship is irrelevant because she is a nominal party.

**B.     The Amount in Controversy exceeds $75,000.00**.

12. Plaintiff's allegations concern a deed of trust obtained in conjunction with the purchase of real property, which secures a promissory note in the original principal amount of $197,550.00. Plaintiff's Original Petition for Declaratory Judgment, for Temporary Restraining Order, and Temporary Injunction seeks a judicial declaration that the deed of trust encumbering

the subject property "be discharged and extinguished and of no force and effect." *See* Plaintiff's Original Petition for Declaratory Judgment, for Temporary Restraining Order, and Temporary Injunction, Exhibit C-1.

13.     "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).   In other words, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F. 3d 1250, 1252-53 (5th Cir. 1998).   Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000.00.

## III.

## CONCLUSION

Pursuant to 28 U.S.C. § 1332(a), this court has original jurisdiction over this matter because Plaintiff and Bank of America's citizenship remain diverse and has been diverse since before the lawsuit was filed, and the amount in controversy exceeds $75,000.00.   The citizenship of Defendant Ortolani is irrelevant because she is a nominal party.   Defendant has timely removed this action within 30 days of the date it was served which was on March 1, 2010.   The state court in which this action was commenced is within this Court's district and division.   This Notice of Removal is being filed with the 68th District Court of Dallas County, Texas and is being served via United States Mail on Plaintiff, as set forth in the attached Certificate of Service.   Consequently, removal is proper.

## IV.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Bank of America, N.A. requests that this Court assume full jurisdiction of this cause in accordance with 28 U.S.C. § 1332(a)(1), and that further proceedings in the 68th District Court of Dallas County, Texas be stayed, and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

By: /s/ Karly Stoehr Rodine
    **Cole B. Ramey**
    State Bar No. 16494980
    **Kirk T. Florence**
    State Bar No. 07160900
    **Karly Stoehr Rodine**
    State Bar No. 24046920

**CROUCH & RAMEY, L.L.P.**
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone:   (214) 922-7100
Telecopier:   (214) 922-7101

**COUNSEL FOR DEFENDANT**
**BANK OF AMERICA, N.A.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record via hand delivery, facsimile and certified mail on this 12th day of March, 2010.

Richard C. Frasco
PO Box 7991
Dallas TX 75379

/s/ Karly Stoehr Rodine
Karly Stoehr Rodine