UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SFTF HOLDINGS, LLC,            )
                               )
         Plaintiff,            )
                               )       CIVIL ACTION NO.
VS.                            )
                               )       3:10-CV-0509-G
BANK OF AMERICA, ET AL.,       )
                               )
         Defendants.           )

# MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants, Bank of America, N.A., ("BOA") and Shelly Ortolani, Trustee, ("Ortolani"), to dismiss the original petition for declaratory judgment of the plaintiff, SFTF Holding, L.L.C. ("SFTF"), for failure to state a claim upon which relief can be granted (docket entry 4). For the reasons set forth below, the motion is denied.

## I. BACKGROUND

### A. Factual Background

SFTF purchased a piece of real property in Dallas County through a foreclosure sale. *See* Plaintiff's Original Petition For Declaratory Judgment, For

Temporary Restraining Order and Temporary Injunction ("Petition") ¶ 6 (docket entry 1). Before the sale, a local homeowners' association ("HOA") placed a lien on the property due to a default by the previous owner in the payment of HOA dues. *Id.* ¶ 7. The HOA subsequently foreclosed on the property, and through the foreclosure sale, SFTF acquired title. *Id.* ¶¶ 6-7. SFTF received a deed which was duly recorded. *Id* ¶ 6. The previous owner had purchased the property with a purchase money loan from BOA in the amount of $197,550.00. *Id.* ¶ 8. The homeowners' association lien is subordinate to the first mortgage lien. *Id.*

On February 8, 2010, SFTF filed this suit in a state district court seeking a declaratory judgment that SFTF has the right to service a senior lien, and that the lien asserted by BOA is invalid. *Id.* ¶¶ 14-17. After removal to this court, the defendants moved to dismiss. Bank of America, N.A.'s and Shelly Ortolani, Trustee's 12 (B)(6) Motion to Dismiss (docket entry 4).

### B. Legal Background

#### 1. *Texas Rule of Civil Procedure 45*

When an action is filed in state court and later removed to a federal district court, Texas procedural law determines whether the claim filed in the state court survives a motion to dismiss. See *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000); *White v. BAC Home Loans Servicing, LP*, 2010 WL 4352711, at *4 (N.D. Tex. 2010) (J. Fish). Therefore, Texas pleading standards apply to any claims filed in the

state court prior to removal. Under Texas's "fair notice" pleading standard, the test is "whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." See *Horizon/CMS Healthcare Corporation v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000) (citing *Broom v. Brookshire Brothers, Inc.*, 923 S.W.2d 57, 60 (Tex. App.--Tyler 1995, writ denied)). Specifically, pleadings need only "consist of a statement in plain and concise language of the plaintiff's cause of action . . . that an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole." TEX. R. CIV. P. 45 (b). "Fair notice" provides the "opposing party information sufficient to enable him to prepare a defense." *Horizon/CMS Healthcare*, 34 S.W.3d at 897 (quoting *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982)).

## II. ANALYSIS

### A. Sufficient Pleadings

A declaratory judgment action is permissible for removing a cloud upon a title. See *Southwest Guaranty Trust Company v. Hardy Road 13.4 Joint Venture*, 981 S.W.2d 951, 957 (Tex. App.--Houston [1st Dist.] 1998, pet. denied); *Industrial Structure and Fabrication, Inc. v. Arrowhead Industrial Water, Inc.*, 888 S.W.2d 840, 845 (Tex. App.--Houston [1st Dist.] 1994, no writ). Specifically, a party is permitted to "bring a declaratory judgment action to invalidate a real estate note, as well as any lien

securing the note." *Max Duncan Family Investments, Limited v. NTFN Inc.*, 267 S.W.3d 447, 453 (Tex. App.--Dallas 2008, pet. denied). However, there is no particular type of pleading required for declaratory judgments and the pleadings should be liberally construed. *Canales v. Zapatero*, 773 S.W.2d 659, 661 (Tex. App.--San Antonio 1989, writ denied).

In this case, under Texas's "fair notice" pleading standard, the petition need only provide BOA with enough information to ascertain the basic nature of the controversy and prepare an adequate defense. See *Horizon/CMS Healthcare*, 34 S.W.3d at 896-97. Moreover, SFTF does not need to allege the specific error surrounding the validity of the lien so long as the pleadings give BOA with sufficient notice that there was an such an error. See *Henderson v. Henderson*, 694 S.W.2d 31, 36 (Tex. App.--Corpus Christi 1985, writ ref'd n.r.e.) (holding the specific error regarding the recording of a deed need not be plead so long as there was sufficient notice that the petition was alleging an error in the recorded deed).

In the complaint, SFTF claims that the lien in favor of BOA "remains of record," that BOA is "not the owner and holder of an unpaid promissory note and that the lien securing the same may have been discharged" and that the SFTF "requires the removal of the cloud upon the title." Petition ¶¶ 14-16. Consequently, the petition clearly indicates the basic nature of the controversy. That is, that SFTF seeks to clear the cloud of title on the property created by BOA's lien through a

declaratory judgment action. As a result, SFTF has stated a claim upon which relief could be granted. Therefore, BOA's motion to dismiss is denied.

### B. Temporary Injunction

Under Texas law, "no temporary injunction shall be issued without notice to the adverse party." TEX. R. CIV. P. 681. Impliedly, this rule "requires an adequate opportunity to be heard." *PILF Investments, Inc. v. Arlitt*, 940 S.W.2d 255, 260 (Tex. App.--San Antonio 1997, no writ); see also *City of Houston v. Houston Lighting & Power Company*, 530 S.W.2d 866, 869 (Tex. App.--Houston [14th Dist.] 1975, writ ref'd n.r.e.). Therefore, the petition for a temporary injunction will not be dismissed; however, an opportunity to be heard is required before a temporary injunction can be issued.

### III. CONCLUSION

For the reasons stated above, the defendants' motion to dismiss this case for failure to state a claim is **DENIED**.

**SO ORDERED**.

March 22, 2011.

_____
**A. JOE FISH**
**Senior United States District Judge**